Charles S. GRAINGER et al.,
Plaintiffs-Appellants,

v.

STATE SECURITY LIFE INSURANCE
COMPANY et al.,
Defendants-Appellees.

No. 75–3061.

United States Court of Appeals,
Fifth Circuit.

Nov. 17, 1977.

J. Vernon Patrick, Jr., Richard North Patrick, James W. May, Birmingham, Ala., for amicus-Security & Exchange Commission.

Harvey L. Pitt, Sammy S. Knight, Securities & Exchange Commission, Washington, D. C., for plaintiffs-appellants.

John H. Morrow, Robert R. Reid, Jr., Birmingham, Ala., for L. W. Nimmo & Nimmo Associates, Inc.

George R. Stuart, III, John W. Haley, Birmingham, Ala., for State Sec., et al.

Robert J. Routier, Washington, D. C., for defendants-appellants.

Before BROWN, Chief Judge, and THORNBERRY, COLEMAN, GOLDBERG, AINSWORTH, GODBOLD, MORGAN, CLARK, RONEY, GEE, TJOFLAT, HILL and FAY, Circuit Judges.

BY THE COURT:

IT IS ORDERED by the court that the order entered on May 25, 1977, 5 Cir., 553 F.2d 1008, for a rehearing of this case en banc is hereby vacated, and the case is remanded to the panel.

JAMES C. HILL, Circuit Judge, dissenting.

ON PETITION FOR REHEARING

Before GODBOLD and TJOFLAT, Circuit Judges.*

PER CURIAM:

In their petition for rehearing appellees L. W. Nimmo and Nimmo & Associates, Inc., protest that our decision means that an endowment insurance policy containing

* Former Circuit Judge McCree, a member of the original panel, did not participate in this decision.

**216**

what they describe as "a commonly used provision" for the policyholder's participating in surplus can be found to be a security by reason of methods used in its sale. This characterization of our decision is not correct. We did not hold that participating life insurance policies in general are securities or even that the particular contracts in this case are securities. What we have held is that the district court must consider, along with the provisions of the VIP contracts themselves, the totality of the circumstances surrounding their sale, including any oral representations made, in determining whether defendants were selling securities.

"Endowment policies" vary in their terms and provisions, and participation clauses differ also. In this instance, as pointed out in our opinion the contract in issue is named "Variable *Investment* Plan" (emphasis added). It purports to guarantee the purchaser "90% of divisible surplus earnings." Attached coupons physically resemble coupons often attached to bonds. Also, without indicating any views on the relationship between the size of the death benefit and the size of premium payments in the VIP contracts, we pointed out that this relationship is a proper factor for consideration by the district court (as opposed to the substantiality of the death benefit, considered in isolation) in determining whether the facial characteristics of the contracts plus the circumstances of their sale caused them to be securities.

The petition for rehearing is DENIED.